## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE COBOS,

       Plaintiff,

     v.                              Case No.:  6:25-cv-02333-ACC-LHP

UNITED AIRLINES, INC.,

       Defendant,

_____

### ORDER

Before the Court is Defendant's Unopposed Motion to Stay Discovery Pending Resolution of its Pending Motions.  Doc. No. 30.  By the motion, Defendant, without opposition from Plaintiff, seeks to stay all discovery in this matter until the resolution of its pending motion to dismiss (Doc. No. 23) and motion to transfer (Doc. No. 24).  Upon consideration, the motion (Doc. No. 30) will be **DENIED**.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District.  *See* Middle District Discovery (2021) § (I)(E)(4).  Indeed, "when discovery is delayed or prolonged it can create

-1-

case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendant has not shown good cause for a stay of discovery. As an initial matter, Defendant does not argue any specific undue burden or prejudice absent a stay. Doc. No. 30; Middle District Discovery (2021) § (I)(E)(4); *see also Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) ("[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or

where a statute dictates that a stay is appropriate or mandatory." (internal quotation marks and citation omitted)). While Defendant generally references "significant and potentially unnecessary burdens imposed by the discovery process.," (Doc. No. 3, at 7), "[g]enerally referencing that discovery is time-consuming and expensive is insufficient." *Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024).

While the undersigned does not speak to the merits of Defendant's motions (Doc. Nos. 23, 24), Defendant has also not demonstrated that a ruling on its motion to dismiss (Doc. No. 23) would be truly case dispositive. Indeed, any ruling in Defendant's favor could result in leave to amend. *See, e.g.*, *Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-1675-CEH-TGW, 2023 WL 4235459, at *2 (M.D. Fla. June 28, 2023) (denying motion to stay discovery because "to the extent that some of Defendants' arguments in support of dismissal allege that Plaintiffs' allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend. The action is not likely to end upon resolution of the motion to dismiss."); *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims").

Same goes for the motion to transfer, which at most, would result in Plaintiff's claims being litigated in a different forum. *See, e.g., Arnold v. Target Contractors LLC*, No. 5:24-cv-276-ACC-PRL, 2025 WL 239476, at *2 (M.D. Fla. Jan. 17, 2025) (finding lack of good cause to stay discovery pending resolution of a motion to transfer venue because, even if the motion were granted, the matter would still be litigated in the transferee court); *Sonate Corp. v. Dunkin' Brands Grp., Inc.*, No. 6:22-cv-812-WWB-EJK, 2023 WL 2391709, at *1 (M.D. Fla. Mar. 7, 2023) (same).

In sum, the undersigned finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the motion to stay discovery (Doc. No. 30) will be **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record